# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD G. LONG,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 12-4264** |
| | : | |
| **BANK OF AMERICA,** | : | |
| Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                  January 28, 2013

In this diversity action,[1] Plaintiff Edward Long is suing Bank of America, the alleged successor by merger to First Valley Bank,[2] for fraud and civil conspiracy. The defendant has filed a motion to dismiss pursuant to Rule 12(b)(6). For the reasons that follow, I will grant the motion in its entirety.

## I. BACKGROUND[3]

Edward and Francine Long owned as tenants by the entireties their home in Lower Nazareth Township, Pennsylvania. On July 29, 2011, Mrs. Long died, vesting sole title to the property in Mr. Long. Upon her death, Mr. Long found certain executed

---

[1] This action was timely removed from the Court of Common Pleas of Northampton County.

[2] The complaint indicates that Defendant Bank of America is the successor by merger to First Valley Bank and the current owner of the subject mortgage. See Compl. ¶ 8. The defendant argues that such an allegation is a "naked assertion devoid of further factual enhancement and the type of threadbare recital" that recent Supreme Court jurisprudence prevents. It insists that the fact that it may currently own the loan does not mean that it succeeded to all alleged tort liabilities of First Valley Bank.

[3] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.

documents in his wife's personal papers which revealed that on March[4] 15, 1988, Mrs. Long had executed an Equi-Flex Loan Agreement and Disclosure Statement, and an Equi-Flex Mortgage on their home in favor of First Valley Bank. The mortgage was recorded in the Office of Northampton County Recorder of Deeds, and constitutes a lien on the property. The balance on the loan as of February 2012 was $51,248.

Mr. Long insists that because he never signed the loan documents, his wife must have forged his name on them. The complaint alleges that Mrs. Long concealed the loan from Mr. Long, and that she made all the payments until her death. All correspondence from the bank was directed to a post office box to which only Mrs. Long had access. Mr. Long also alleges that he realized no benefit from the funds disbursed from the loan.

Mr. Long hired a Forensic Consultant who opined that the signature on the loan documents was not written by the same person who authorized a signature identified as that of Mr. Long. See Compl. Exhibit D.

The complaint further alleges that an employee of First Valley Bank, acting within the course and scope of her employment, witnessed the documents. A notary public allegedly employed by First Valley Bank, acting within the course and scope of her employment, notarized the loan documents.

## II. STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46

---

[4] I note that in ¶ 6 of the complaint, the date provided for the execution of these documents is March 15, 1988, yet in ¶ 21, the date provided is May 15, 1988. A review of the documents, however, reveals that the former date is correct. See Document #1 at 17.

(1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). In recent rulings, however, the Supreme Court rejected language in Conley which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," id. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which are entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id.

"Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Id. (quoting FED.R.CIV.P. 8(a)(2)).

In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

### III. DISCUSSION

#### A. Fraud

In Count Two, the plaintiff alleges that the defendant "fraudulently acted in witnessing and notarizing" the loan documents. Both parties agree that complaints which

4

allege fraud must comport with Rule 9(b) of the Federal Rules of Civil Procedure, but disagree as to whether this complaint satisfies the heightened pleading requirements. The defendant argues that the plaintiff fails to plead basic facts relating to the circumstances of the fraud allegedly committed by the First Valley Bank employees. I agree.

Rule 9(b) applies "not only to fraud actions under federal statutes, but to fraud claims based on state law." Christidis v. First Pennsylvania Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983). Rule 9(b) requires a plaintiff to plead "the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Lum v. Bank of Am., 361 F.3d 217, 223-224 (3d Cir. 2004) (quoting Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

In Pennsylvania, the elements of fraud are: (1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance resulted; and (6) injury was proximately caused by the reliance. Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005); see also Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 889 (Pa. 1994).

Initially, I note that the plaintiff alleges but does not prove that Bank of America is, in fact, the successor by merger to First Valley Bank, and that it succeeded to all alleged tort liabilities of First Valley Bank. I agree with the defendant that such an allegation without further factual enhancement does not satisfy the pleading requirements of the Federal Rules of Civil Procedure.

Next, even if it could be proven that Bank of America succeeded to First Valley's tort liabilities, a review of Mr. Long's claim of fraud uncovers no misrepresentation knowingly made by First Valley to Mr. Long, let alone one upon which he relied to his detriment. The witness's signature on the documents is indecipherable and offers nothing more than a name. To conclude from the scribble that the witness was an employee of First Valley is an example of "the mere conclusions not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. While I can accept as true the fact that someone else may have assisted Mrs. Long in the alleged forgery, it is unreasonable to conclude, without more, that that abettor must have been an employee of First Valley Bank.

Likewise, though the signature of the notary public may have been legible, it is hidden beneath her notary seal on the copy provided, and is thus indecipherable. It is also true that there is no factual indication on the document that the notary public was an employee of First Valley Bank. To say otherwise is a conclusion not entitled to the assumption of truth. It is just as probable that the loan documents were mailed to Mrs. Long with instructions to return them completed with the couple's signatures witnessed and notarized.

Accordingly, because the complaint fails to identify an employee of First Valley Bank who participated in the alleged forgery of the loan documents, and fails to allege facts in support of a material misrepresentation knowingly made by First Valley to Mr. Long upon which he relied, I will grant the defendant's motion to dismiss Count Two of the complaint.

## B. Civil Conspiracy

In Count Three, the plaintiff alleges that the defendant engaged in a civil conspiracy with his deceased wife. Specifically, he alleges that the defendant, "along with Francine J. Long, acted with the common purpose to establish a document which would improperly obligate Plaintiff to an obligation." See Compl. ¶ 29.

In order to establish liability for civil conspiracy, a plaintiff must show that: (1) two or more defendants conspired with a common purpose to do (a) an unlawful act, or (b) a lawful act by unlawful means or for an unlawful purpose;[5] (2) defendants committed an overt act in furtherance of the conspiracy; and (3) the plaintiff suffered legal damages. Weaver v. Franklin County, 918 A.2d 194, 202 (Pa. Commw. Ct. 2007). A claim for civil conspiracy cannot stand without some underlying tortious act that is independently actionable under Pennsylvania law. McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000).

As with his fraud claim, Mr. Long's civil conspiracy claim depends on conclusions which are not entitled to the assumption of truth. In addition to the unsubstantiated allegation that Bank of America succeeded to all of the alleged tort liabilities of First Valley Bank, there is no factual indication on the loan documents that the witness and/or the notary public were employees of First Valley Bank. Rule 8 of the Federal Rules of Civil Procedure does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Iqbal, 556 U.S. at 679. While Mr. Long's

---

[5] Civil conspiracy requires an agreement and either a criminal act or intentional tort. See Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 406 (3d Cir. 2000) (applying Pennsylvania law and reversing judgment for civil conspiracy).

complaint may permit an inference of the possibility of misconduct, it does not sufficiently plead its allegations that this defendant is responsible for that misconduct. Id. It is unreasonable to infer from barebones allegations that unidentified employees of First Valley Bank intentionally conspired with Mrs. Long to defraud or otherwise harm Mr. Long. Accordingly, I will grant the defendant's motion to dismiss Count Three of the complaint.

### C.  Equitable Relief

In Count One, Mr. Long seeks equitable relief in the form of an Order directing that the mortgage be satisfied and declaring that he has no liability for the loan. Because the complaint contains mere conclusions unsupported by factual allegations and not entitled to the assumption of truth, it does not state a plausible claim for the relief the plaintiff seeks. Iqbal, 556 U.S. at 679. Accordingly, I will grant the defendant's motion to dismiss Count One.

An appropriate Order follows.